UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABELARDO SAUCEDO, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>NW MANAGEMENT AND REALTY SERVICES, INC., et al.,<br><br>　　　　　　　　Defendants. | NO: 12-CV-0478-TOR<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES |

　　　BEFORE THE COURT are Plaintiffs' Motion to Identify Class Members and Request for an Award of Statutory Damages (ECF No. 220) and Plaintiffs' Motion for Partial Summary Judgment Re: Class Member Identification and Damages (ECF No. 225). These matters were submitted for consideration without oral argument. The Court has reviewed the record and the briefing and files herein, and is fully informed.

//

//

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES ~ 1

BACKGROUND

Having previously been awarded summary judgment on their class claims under the Washington Farm Labor Contractors Act ("FLCA"), Plaintiffs seek an order (1) confirming the total number of class members; and (2) awarding statutory damages in the amount of $1,004,000.

Defendants oppose the motion on three separate grounds. First, Defendants argue that an award of prospective injunctive relief would be more equitable than an award of statutory damages. In the alternative, Defendants contend that the proper measure of statutory damages is $500 per class member (rather than $500 per class member *per year* as Plaintiffs have asserted). Finally, Defendants seek leave to conduct supplemental discovery into each class member's immigration status in order to determine "whether any class members are unentitled to statutory damages." ECF No. 236 at 14.

FACTS

The facts relevant to the instant motions are set forth in the Court's prior class certification and summary judgment rulings. *See* ECF Nos. 164, 186, 233.

DISCUSSION

Summary judgment may be granted upon a showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial

burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where a reasonable jury could find in favor of the non-moving party. *Id.* In ruling on a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court may only consider evidence that would be admissible at trial. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

## A. Total Number of Class Members

Based upon their analysis of materials provided by Defendants in discovery, Plaintiffs assert that the class consists of 722 individual farm workers. ECF No. 225 at 1-2. Defendants have not contested this figure, and the materials filed in support of the instant motions confirm its accuracy. *See* ECF Nos. 226-228, 241.

Accordingly, the Court finds that the class consists of 722 individual members. The Court further finds that these class members have received the best practicable notice of this lawsuit, *see* Fed. R. Civ. P. 23(c)(2)(B), and that, as of the date of this Order, no class members have opted out of the class. *See* ECF Nos. 251-254.

## B. Damages vs. Prospective Injunctive Relief

Defendants ask the Court to enter an award of prospective injunctive relief rather than an award of statutory damages. In support of this request, Defendants argue that (1) Plaintiffs have not made a "predicate" showing that actual (as opposed to statutory) damages would be difficult or impossible to prove; and (2) equity favors an award of prospective injunctive relief given that Plaintiffs suffered no actual harm and that the case involved a novel application of the FLCA's farm labor contractor licensing requirement. ECF No. 236 at 4-7.

The FLCA's damages provision is set forth at RCW 19.30.170. The statute provides, in relevant part:

> [I]f the court finds that the respondent has violated this chapter or any rule adopted under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of five hundred dollars per plaintiff per violation, whichever is greater, or other equitable relief.

RCW 19.30.170(2). Defendants suggest that the statute's reference to "other equitable relief" vests the Court with discretion to forego an award of damages in favor of permanent injunctive relief in an appropriate case. ECF No. 236 at 4-5.

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES ~ 4

This argument appears to be supported by a footnote in the Washington Supreme Court's recent decision in *Perez-Farias v. Global Horizons, Inc*. See 175 Wash.2d 518, 525 n. 7 (2012) ("The Ninth Circuit's certified questions presuppose that a trial court has chosen to award statutory damages. We are not asked to address when or under what circumstances a court might make an alternative award as "other equitable relief."). Accordingly, the Court will assume for purposes of the instant motion that it may choose between an award of statutory damages or "other equitable relief" in the form of a permanent injunction.

In the exercise of its discretion, the Court finds that an award of statutory damages is appropriate. First, Plaintiffs are not required to make a "predicate" showing that actual damages would be "difficult or impossible to measure or prove." ECF No. 236 at 5 (citing *Perez-Farias*, 175 Wash.2d at 530). The plain language of the statute imposes no such requirement, and *Perez-Farias* does not so hold. In any event, the Court finds that actual damages *would* be exceedingly difficult to prove on a class-wide basis for each of the 722 class members. It also bears noting that actual damages for the two FLCA violations at issue—failure to obtain a farm labor contractor's license and failure to provide written disclosures concerning terms and conditions of employment—would likely amount to less than $500 per violation. As a result, an award of statutory damages in the amount of $500 per violation would be appropriate. See RCW 19.30.170(2) (court may

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES ~ 5

award "actual damages, or statutory damages of five hundred dollars per plaintiff per violation, *whichever is greater*") (emphasis added).

Second, the Court is not persuaded that an award of statutory damages would be inequitable under the circumstances. As a threshold matter, the class of plaintiffs has been certified as a so-called "damages class" under Federal Rule of Civil Procedure 23(b)(3) rather than an "injunctive class" under Rule 23(b)(2). ECF No. 164. Pursuant to Rule 23(c)(2)(B), class members were notified of this action and were advised that the class claims were for monetary damages. ECF Nos. 177-1, 187. Class members were further advised that they would be bound by any final judgment on these claims—win or lose—unless they specifically "opted out" of the class. ECF Nos. 177-1. The prospect of receiving monetary damages undoubtedly factored into each class member's decision about whether to remain in the class. Had they been advised that the Court might award injunctive relief rather than monetary damages, many class members might have opted out to pursue their claims individually. This consideration weighs strongly in favor of awarding monetary damages.

Moreover, *Perez-Farias* appears to preclude consideration of the "equitable" factors invoked by Defendants. In that case, the Washington Supreme Court was asked to decide whether RCW 19.30.170(2) vests courts with discretion to award statutory damages in an amount less than $500 for violations which are "technical"

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: DAMAGES ~ 6

rather than "substantive" in nature. 175 Wash.2d at 523-24. After holding that the statutory text was ambiguous, the Court adopted a construction which furthered the underlying purpose of the statute—to protect vulnerable farm workers. *Id.* at 529-30. Notably, the Court specifically rejected a construction of the statute that would have permitted courts to consider equitable factors such as whether farm workers were actually injured and whether the defendants were on notice that their conduct violated the FLCA:

> [RCW 19.30.170(2)] was enacted to compensate injuries, promote enforcement of the FLCA, and deter violations. . . . Under the [defendants' proposed construction] a trial court could exercise its discretion to award minimal damages or no damages at all, which is inconsistent with the remedial nature of the FLCA. Remedial statutes protecting workers generally must be liberally construed to further their intended purposes, which in this case includes promoting the enforcement of the FLCA and deterrence. *The [defendants'] reading potentially frustrates rather than furthers these purposes by permitting trial courts to subjectively interpret the "quality" of the violations, potentially lessening the incentives for both statutory compliance and challenging statutory noncompliance.*

*Id.* at 529-30 (emphasis added). In view of this authority, the Court declines Defendants' invitation to award permanent injunctive relief in lieu of statutory damages. On the facts of this case, "other equitable relief" in the form of a permanent injunction would not adequately serve the FLCA's remedial purpose.

### C. Measure of Statutory Damages

The parties disagree about the appropriate measure of statutory damages under the FLCA. Plaintiffs contend that damages should be awarded in the amount

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES ~ 7

of $500 per person per violation per year worked.  Under this approach, each class member would receive an award of $1,000 ($500 × 2 violations) for each year that he or she worked for Defendant NW Management.  Defendants, for their part, insist that damage awards must be capped at $1,000 per class member, regardless of how many years each class member worked in the orchards.  In their view, the FLCA violations at issue were "continuing" in nature, thereby rendering multiple awards for multiple years of work inappropriate.  By the Court's calculation, the difference to the Defendants' bottom line is $282,000.

Having carefully considered both arguments, the Court finds that Plaintiffs are entitled to statutory damages for each year worked.  While there is no relevant authority under the FLCA, courts applying the federal Agricultural Worker Protection Act ("AWPA") look to whether violations spanning multiple years arise from "distinct and separate transactions" in deciding whether to award statutory damages on a per year basis.  *See Rodriguez v. Carlson*, 943 F. Supp. 1263, 1278 (E.D. Wash. 1996); *Leach v. Johnston*, 812 F. Supp. 1198, 1211 (M.D. Fla. 1992), *disapproved of on other grounds by Aimable v. Long and Scott Farms*, 20 F.3d 434, 441 (11th Cir. 1994).

Both of the FLCA violations in this case satisfy the "distinct and separate transaction" requirement.  With regard to the violation for failure to provide written disclosures concerning the terms and conditions of employment, the

evidence of record clearly establishes that class members were hired on a season-by-season basis. Although some class members returned to work at the orchards for multiple seasons, the vast majority did not. Indeed, only 212 of the 722 total class members worked for NW Management for more than one season. *See* ECF No. 225 at 2. Accordingly, the Court finds that NW Management engaged in "distinct and separate transactions" when it hired farm workers for the 2009, 2010 and 2011 growing seasons, and that its failure to provide written disclosures at the beginning of each season amounts to separate violations of the statute.

This reasoning applies with equal force to NW Management's failure to register as a farm labor contractor. Given that NW Management hired farm workers on a season-by-season basis, its failure to register necessarily arose from "distinct and separate transactions." Hence, NW Management's failure to register as a farm labor contractor during the 2009, 2010 and 2011 seasons cannot be considered a "continuing" violation.

Moreover, as the Washington Supreme Court emphasized in *Perez-Farias*, RCW 19.30.170(2) must be liberally construed to promote enforcement of the FLCA's regulations. 175 Wash.2d at 530. The regulation being enforced in this case provides that "[n]o person shall act as a farm labor contractor *until a license to do so has been issued* . . . and *unless such license is in full force and effect* and is in the contractor's possession." RCW 19.30.020 (emphasis added). Defendants'

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES ~ 9

continuing violation theory would not promote enforcement of this regulation. To the contrary, adopting such a theory would give unlicensed farm labor contractors a perverse incentive to avoid registering until they are finally caught. Thus, the Court finds that Plaintiffs are entitled to an award of statutory damages at the rate of $500 per person per violation per year worked, for a total award of $1,004,000.

### D. Immigration Status

As they have maintained throughout this litigation, Defendants argue that "undocumented workers" are not entitled to an award of statutory damages under the FLCA. This issue is now ripe for a final decision. The issue, however, implicates conflicting state and federal authority and the Court would benefit from additional briefing from the parties. On one hand, the FLCA must be construed in favor of the farm workers it is designed to protect. *Perez-Farias*, 175 Wash.2d at 530. Allowing farm labor contractors to escape liability for violations committed against undocumented workers could severely undermine the statute's remedial purpose. Indeed, barring illegal aliens from recovery under the FLCA could result in *reduced* compliance, as any farm labor contractor who knows (or has reason to believe) that a subset of his or her employees are illegal aliens will necessarily have a reduced incentive to comply with the statute.

On the other hand, the Supreme Court has held that authorization to work in the United States is a prerequisite to recovery of damages for violations of federal

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES ~ 10

labor laws.  *See Hoffman Plastic Compounds, Inc. v. N.L.R.B.*, 535 U.S. 137, 151 (2002) (denying award of backpay to an illegal alien for violations of the National Labor Relations Act because such an award "would unduly trench upon explicit statutory prohibitions critical to federal immigration policy").  In reaching this decision, the Court implicitly rejected the dissent's argument that stripping undocumented workers of a remedy for violations of the NLRA would give employers a perverse incentive to ignore federal labor laws.  Central to the Court's decision was its view that awarding backpay to illegal workers "trivializes [federal] immigration laws [and] *condones and encourages future violations*."  *Id.* at 150 (emphasis added).  Thus, the Court made a policy decision that enforcement of federal immigration statutes trumps enforcement of federal labor laws when the aggrieved employee is not authorized to work in the United States.

Having preliminarily reviewed *Hoffman* and related authorities, the Court deems it appropriate to entertain supplemental briefing from the parties on the following issues: (1) whether an award of statutory damages to an illegal alien for violations of the FLCA is permissible under *Hoffman*; and (2) whether any state authorities, policies or interests favoring such an award are preempted by federal immigration law.  The parties are respectfully requested to submit briefing on these issues on or before September 30, 2013.  Briefs shall not exceed fifteen (15) pages.  No responses or replies shall be filed.  If necessary, the Court will contact the

parties to schedule a hearing on the matter once the briefing has been completed.

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Identify Class Members and Request for an Award of Statutory Damages (ECF No. 220) and Plaintiffs' Motion for Partial Summary Judgment Re: Class Member Identification and Damages (ECF No. 225) are **GRANTED in part**.

2. The Court reserves ruling on the issue of whether Defendants may take discovery on class members' immigration status. The parties shall submit supplemental briefing on the following issues: (1) whether an award of statutory damages to an illegal alien for violations of the FLCA is permissible under *Hoffman*; and (2) whether any state authorities, policies or interests favoring such an award are preempted by federal immigration law. Briefing on these issues should be filed on or before **September 30, 2013**. Briefs shall not exceed fifteen (15) pages. No responses or replies shall be filed.

3. The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 4, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES ~ 12